Kay v Banchik
2026 NY Slip Op 03632
June 9, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Jennifer Kay, Plaintiff-Appellant,
v
Mitchell Banchik, et al., Defendants-Respondents.

Decided and Entered: June 09, 2026
Index No. 654454/23|Appeal No. 6826|Case No. 2025-04416|
Before: Moulton, J.P., Friedman, Pitt-Burke, Rosado, Michael, JJ.

Davidoff Hutcher & Citron LLP, New York (Andreas Koutsoudakis of counsel), for appellant.
Jackson Lewis, P.C., New York (Felice B. Ekelman of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (Mary V. Rosado, J.), entered on or about June 20, 2025, which granted defendants' motion to dismiss plaintiff's employment discrimination complaint, unanimously modified, on the law, to deny the motion as to claims based on conduct after September 13, 2020, for discrimination under the New York State and New York City Human Rights Laws, and otherwise affirmed, without costs.
The court properly dismissed the claims based on alleged conduct and events that occurred prior to September 13, 2020, as barred by the statute of limitations and because the continuing violation doctrine does not apply (see Campbell v New York City Dept. of Educ., 200 AD3d 488, 489 [1st Dept 2021]). Plaintiff's allegations relating to three events that allegedly transpired in 2012, 2014, and 2018, are outside of the three-year statute of limitations for her City and State HRL claims, and do not form "a single continuing pattern of unlawful conduct," but rather constitute "discrete events, involving different actors" occurring years apart (id. [internal quotation and citation omitted]).
However, plaintiff's remaining allegations of employment discrimination that occurred after September 13, 2020, should not have been dismissed at this early stage of the litigation. Under the "lenient notice-pleading standard afforded to discrimination claims" (Eustache v Board of Educ. of the City Sch. Dist. of the City of N.Y., 228 AD3d 482, 483 [1st Dept 2024]), the complaint contains sufficient allegations to support a claim for age and gender discrimination under the State and City Human Rights Laws (see generally Harrington v City of New York, 157 AD3d 582, 584 [1st Dept 2018]).
In addition to being protected from gender-based discrimination, an employee is protected from discrimination based on marital status under both the City and State HRLs (Administrative Code of City of NY § 8-107 [1][a]; Executive Law § 296[a]; see also Matter of McCabe v 511 W. 232nd Owners Corp., 43 NY3d 365, 372 [2024]). Here, plaintiff alleges that she was treated less well than her married male counterparts due to defendants denying her equal terms and conditions of employment, including by withholding raises, opportunities to earn commissions, and opportunities to purchase equity points. Plaintiff also alleges that defendant Mitchell Banchik, the president of defendant MNM2 Management, Inc., considered an employee's "lifestyle," including whether they were married or had children, when making employment decisions.
[*2]
Plaintiff sufficiently alleges that she suffered an adverse employment action — namely, that she was terminated. Plaintiff alleges that defendants implemented a policy that incentivized younger partners to buy more equity points and take over operations from senior partners. The temporal proximity of plaintiff's termination to defendants' implementation of that policy gives rise to an inference of discrimination. Though plaintiff need not allege pretext for employment discrimination at the motion to dismiss stage, the complaint alleges that defendants explained that plaintiff was terminated because her role was being outsourced to third parties, yet her position was subsequently filled by a male employee in a full-time capacity, further raising an inference of discrimination (see Bennett v Health Mgmt. Sys., Inc., 92 AD3d 29, 43 [1st Dept 2011], lv denied 18 NY3d 811 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2026